## Jones *v.* State.

(Division B. June 11, 1934.)

[155 So. 416. No. 31357.]

**B. F. Carter,** of Laurel, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was tried and convicted on a charge of unlawfully having in his possession intoxicating liquor. The prosecution was instituted in a justice of the peace

court by a constable of the district, and the evidence to sustain the conviction was obtained by the search of an automobile driven by the appellant. It appears that a young man named Jeffcoats saw some parties in an automobile, a closed Chevrolet car, pouring something out of a jug into glasses and drinking it. It looked to this young man like whisky, and he reported to the constable and to his father what he had seen. On receipt of this information the constable and young Jeffcoats' father proceeded to the place where the automobile was reported to be, and they heard the four parties in the automobile cursing and hollering, and as they approached, one of the parties was standing on the running board with a pistol in his hand waiving it. Thereupon, the constable and Jeffcoats, Sr., arrested the negro with the pistol and looked in the automobile and saw three gallon jugs, three glasses, and some other things which they took and examined, and placed the parties under arrest. The three jugs contained whisky.

William Jones, the appellant, was driving the automobile.

The testimony as to the information given by young Jeffcoats is as follows:

"Q. Did you receive any information? A. I did.

"Q. What was the information? A. I can't get the whole thing in, there is a whole lot about this negro you can't tell—

"Objected to. Sustained.

"Q. Go ahead and tell what the boy told you? A. He told me there were some negroes up there in a car above the church and that he was sitting there pouring something out of a brown jug into a glass and giving it to the other negroes.

"Objected to; overruled; exceptions.

"Q. Did he tell you what he was pouring out? A. No sir, he said it looked like whisky.

"Objected to; overruled; exceptions.

"Q. Go ahead and describe the car and what all he

told you about it. A. He told me it was a Chevrolet closed car and a yellow negro was driving it."

It is urged here that the information given the officer was insufficient to maintain probable cause, and that there was no authority to make the arrest without a warrant, because the appellant was not engaged in the commission of a misdemeanor in the presence of the officer at the time of the arrest.

It will be noted that young Jeffcoats *saw* the appellant and the other negroes in the automobile, and *saw* them pouring out something that looked like whisky, and on receiving this information, the officer proceeded in the direction of the automobile, and that the occupants of the automobile were cursing and "cutting up," to use the officer's words. Taking the facts communicated to the officer, and coupling them with what was heard and seen before the arrest was made, we think they were sufficient to constitute probable cause for the search of the automobile. Under the law of this state and of the United States, an automobile may be searched upon probable cause without a search warrant. We have construed the law of search and seizure favorably to the citizen and strongly against the state. The most favorable decision to the appellant is Elardo v. State, 164 Miss. 628, 145 So. 615, where it was held that the law does not authorize an officer to make a search on mere information, but the informant must communicate facts within his knowledge, the information in that case being merely that the person doing the informing had been, himself, informed. That is not the case here before us. The person giving the information *saw* something being poured out, and did not tell what somebody else told him. When this communication was made in the case at bar, the officer proceeded to where the automobile was, and heard and saw disorderly conduct, strongly indicating that the persons had partaken of intoxicating liquor. The communicated facts, and what the officer saw and heard, were sufficient to constitute probable cause.

We have construed the law favorably to the citizen because of our respect for and loyalty to the law, and not out of sympathy for crime and criminals. All citizens must have their constitutional and legal rights, but when these are accorded, and a jury has convicted upon sufficient evidence, the court will mock the defendant's hour of calamity and the law will rejoice in his tribulation.

The judgment of the court below will, therefore, be affirmed.

Affirmed.